# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| In Re Betty J. Rees for Exoneration from or Limitation of Liability as Owner of the MY BOAT | CASE NO. C18-5917 BHS<br><br>ORDER DENYING UNITED STATES' MOTION TO SET ASIDE DEFAULT |

This matter comes before the Court on Interested Party United States of America's motion to set aside default judgment. Dkt. 24.

On November 9, 2018, Plaintiff Betty Rees ("Rees") filed a complaint for exoneration from or limitation of liability seeking an injunction to limit her liability for a boat fire under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501, *et seq*., and Supplemental Rule F(4) of the Federal Rules of Civil Procedure. Dkt. 1.

On March 12, 2019, the Court entered default judgment "against all persons and entities who have not appeared in or timely filed claims and/or answers in this action." Dkt. 17.

On June 4, 2016, the Government filed a motion to set aside the default because it seeks over $300,000 in claims against Rees stemming from oil clean-up activities after

the boat fire. Dkt. 24. The Government filed the motion "out of an abundance of caution" because it is unsure whether its claims under the Federal Debt Priority Statute, 31 U.S.C. § 3713, and the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, against Rees in a separate action are subject to the default judgment in this action. *Id.* at 3. On June 17, 2019, Rees responded stating "there is no dispute the government's efforts to collect the money it claims Ms. Rees owes the government . . . are not claims subject to this limitation proceeding." Dkt. 27 at 2. On June 21, 2019, the Government replied. Dkt. 29.

The Court agrees with the parties that the Government's claims are not subject to this limitation proceeding. The Court also agrees with the parties that there is a dearth of authorities on this issue, and the Court is unaware of any authority that contradicts the parties' position. Of course, this order is subject to reconsideration and vacation if any party discovers contrary authority. However, based on the current record, the Court denies the Government's motion because it has failed to show good cause for setting aside the default judgment in light of its claims in the related action.

**IT IS SO ORDERED**.

Dated this 18th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge